IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )
    v.                        )    CRIMINAL ACTION NO.
                              )       2:98cr130-MHT
MICHAEL JEROME HAWKINS        )          (WO)
```

OPINION AND ORDER

Proceeding pro se, defendant Michael Jerome Hawkins asks this court to reconsider its order reducing his sentence from 240 to 235 months. As Hawkins's crack-cocaine-sentence reduction was initiated by the court on its own, the court will address his motion pursuant to 18 U.S.C. § 3582(c)(2).[1] For the reasons given below, Hawkins's motion to reconsider will be denied.

The court found that Hawkins's amended guideline range was 235 to 240 months under the most recent crack-cocaine-retroactivity amendment. Hawkins believes that

---

1. Hawkins styles his motion as both a motion under 18 U.S.C. § 3582(c)(2) and a motion to reconsider under Federal Rule of Civil Procedure 59. As this case is a criminal matter, the latter ground is inapplicable.

the appropriate amended guideline range is 188 to 210 months. In support, he makes three main arguments.

First, Hawkins contends that he deserves a two-point total-offense-level reduction from the first round of crack-cocaine-sentence modifications. However, on May 24, 2010, this court properly denied his initial request for a sentence reduction because the amount of crack cocaine attributable to him (5.314 kilograms) was above the quantity threshold for a sentence reduction. Order Denying Sentence Reduction (Doc. No. 186); see also 2010 United States Sentencing Guidelines § 2D1.1 Commentary Note 10(D)(ii)(I) (providing that the two-level reduction "shall not apply in a case in which the offense involved 4.5 kg or more ... of cocaine base").

Second and relatedly, Hawkins submits that the court improperly calculated his amended total-offense level. He appears to argue as follows. His original total-offense level was 37, and, under the first round of crack-cocaine reductions, his total-offense level should

have been decreased to 35. However, as demonstrated above, this assumption is flawed. Hawkins then argues that his total-offense level should be decreased by another two points, from 35 to 33, under the current round of crack-cocaine reductions. According to him, this results in a guideline range of 188 to 210 months.[2]

Hawkins's amended total-offense level is calculated using the 2011 drug-quantity table, which provides that the 5.314 kilograms of cocaine base attributable to him results in a base-offense level of 36. See 2011 United States Sentencing Guidelines § 2D1.1 (providing base offense level of 36 for "at least 2.8 KG but less than 8.4 KG of Cocaine Base"). The court further took into account a two-point enhancement for a specific-offense characteristic (using a dangerous weapon) and a three-

---

2. Hawkins calculates his guideline range using a total-offense level of 33 and a criminal-history category of IV. Under the sentencing guidelines, this combination results in a guideline range of 188 to 235 months, not 188 to 210 months.

point reduction for acceptance of responsibility. Thus, Hawkins's total-offense level is 35.

Hawkins's final argument is that the court miscalculated his guideline range. He emphasizes that a range of 235 to 240 months does not match up to the sentencing table. With a total-offense level of 35 and a criminal-history category of IV, Hawkins's guideline range should be 235 to 293 months. However, the statutory-maximum penalty for Hawkins's crime is 240 months. 21 U.S.C. §§ 841(a) & 841(b)(1)(C). If a guideline range is higher than a statutory-maximum penalty, the statutory maximum becomes the higher end of the guideline range. 2011 United States Sentencing Guidelines § 5G1.1(c)(1).[3]

---

3. Hawkins also points out that his original guideline range was 240 to 240 months. But "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." 2011 United States Sentencing Guidelines § 5G1.1(a). Because Hawkins's original guideline range was calculated at 292 to 365 months, his guideline range became 240 to 240 months.

***

Accordingly, it is ORDERED that defendant Michael Jerome Hawkins's motion for reconsideration (Doc. No. 189) is denied.

DONE, this the 10th day of January, 2012.

                                     /s/ Myron H. Thompson  
                                   **UNITED STATES DISTRICT JUDGE**